## LIABILITY OF HEIRS FOR TAXES ON DECEDENT'S PROPERTY.

Circuit Court of Cuyahoga County.

DORR E. WARNER, ADMINISTRATOR, v. ALICE S. M. YORK ET AL.[*]

Decided, May 29, 1905.

*Taxes on Real Estate Accruing After Death of Owner, a Debt of His Heirs—Administrator Who Has Paid Taxes May Recoup from Funds Belonging to the Heirs.*

1. Taxes upon real estate accruing after the death of the owner are a personal debt of the heirs and where they have been paid by an administrator, he is entitled to retain the amount from funds in his hands belonging to the heirs.
2. Where an administrator is sued by the heirs of a decedent for rentals from real estate collected by him subsequent to the death of the decedent and it appears that the real estate in question has been sold by order of court and the administrator directed to pay the taxes thereon accrued after decedent's death from the proceeds, he is entitled to set off the amount of such payment against the claim of the heirs for the rentals of the real estate collected by him.

*Carr, Stearns & Chamberlain,* for plaintiff in error.
*Wm. M. Reynolds,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Plaintiff in error was defendant below, and complains of a judgment rendered against him in the common pleas court for some $400 and interest, which it appears he collected as rent of property formerly belonging to his decedent, but accruing after the death of his intestate.

Defendants in error, plaintiffs below, as heirs of said intestate, claimed that said rents belonged to them.

---

[*]Affirmed, without opinion, *York et al* v. *Warner, Admr.,* 75 Ohio State, 595.

Plaintiff below answered, admitting that said rents came into his hands as claimed, but pleaded, as an off-set, that subsequently it became necessary for him as administrator as aforesaid, to begin proceedings for the sale of said real estate for the payment of his decedent's debts; that he obtained judgment therefor and an order of sale directing him, among others things, from the proceeds of sale to pay the taxes, which were a lien upon said premises; that he complied with said order and so paid said taxes, thus expending about $2,000 in the payment of said taxes which accrued on said premises after the death of said intestate and while the same were owned by said heirs.

The case was tried upon an agreed statement of facts and we are of the opinion that the court erred in not allowing the administrator's claim for taxes paid by him, as an offset.

That said taxes, accruing against the land after the heirs became the owners thereof, were a personal debt of said heirs, we think is settled by the case of *Crepps* v. *Baird,* 3 O. S., 277.

The administrator was *compelled* by said order of court, to pay said personal debt of said heirs and said order was lawful. Section 2854, Revised Statutes.

It seems that being so compelled to pay the debt of others, he should be allowed to recoup himself out of money belonging to them which he had in his hands at the time of such payment.

This view of the case requires a reversal of the judgment rendered by the common pleas court.

It may also be suggested that the administrator having recovered a judgment in the probate court, for the sale of said lands, from the date of said judgment had a judgment lien upon the premises. Having such lien, he paid said taxes. Section 2853, Revised Statutes, provides that any person having a lien upon real estate may pay the taxes thereon, in so far as the same are a lien upon such real estate and recover the money so paid by action for money paid to his use, against the person or persons legally liable for the payment of such taxes.

While we do not base our decision upon said statute, considering the reason first given sufficient, we think that the policy of the law clearly requires a reversal of the judgment, which is ordered, and the case is remanded for further proceedings.